| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| | Kari Erickson Levine (State Bar No. 146101) |
| 2 | Althea V. Bovell (State Bar No. 200240) |
| | 560 Mission Street, Suite 3100 |
| 3 | San Francisco, California 94105 |
| | Telephone: (415) 397-2823 |
| 4 | Facsimile: (415) 397-8549 |
| 5 | Attorneys for Defendant WORLD KITCHEN, LLC |

FILED
2007 OCT -4 P 2: 35
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR
E-FILING

C07 05118 RS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL NOVICIO, an individual,

    Plaintiff,

v.

WORLD KITCHEN, LLC, a California corporation; and DOES 1 to 50, inclusive,

    Defendants.

Case No.

**DEFENDANT WORLD KITCHEN, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT**

**[DIVERSITY]**

TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

PLEASE TAKE NOTICE that Defendant World Kitchen LLC. ("World Kitchen" or "Defendant") hereby serves notice of its removal of the above-entitled action to this Court and makes the following showing in support of such removal:

### PLEADING AND PROCEEDINGS TO DATE

1.    On or about August 27, 2007, an action was commenced in the Superior Court of the State of California, County of Santa Clara, entitled *Michael Novicio v. World Kitchen, LLC, A California Corporation, and DOES 1 through 50*, Case No. 107CV093010, by the filing of a Summons and Complaint. All process, pleadings, notices and orders served upon Defendant in

this action, including the Summons and Complaint, are attached as Exhibit "A" hereto, and are incorporated by reference as though fully set forth herein.

2. Defendant's Answer to the Summons and Complaint, which was filed on October 2, 2007, is attached as Exhibit "B" hereto, and incorporated by reference as though fully set forth herein.

3. Defendant first became aware of this lawsuit on or about September 4, 2007 when Defendant received through its agent for service of process the Complaint served by Plaintiff.

4. This case was removed within thirty (30) days after September 4, 2007 when Defendant received service of the Complaint. This Notice is therefore filed within the time period provided in 28 U.S.C. section 1446(b).

## DIVERSITY JURISDICTION

5. This Court has jurisdiction of this action based on diversity of citizenship. Defendant is informed and believes and on that basis asserts that Plaintiff Michael Novicio at all times relevant, was and is a citizen and resident of the State of California. (Bovell Declaration, Exhibit A (Complaint), ¶ 3); *see also Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (holding that a party's domicile for purposes of diversity jurisdiction is determined at the time the lawsuit is filed); *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (same). Defendant is, and at all times relevant was, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business located in Illinois. Accordingly, complete diversity of citizenship exists between the parties. 28 U.S.C. section 1332(a)(1).

6. Defendant is informed and believes that DOES 1 through 50 have not been served with the Summons and Complaint and have not appeared in the action, nor are they appropriate defendants in an action in federal court. Their citizenship is irrelevant for removal purposes. 28 U.S.C. section 1441(a); *See also Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

7. Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. section 1332(a). The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of

the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977).

8. The Court may look to the removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant need only show by a preponderance of evidence that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

9. The Court must take into account requests for punitive damages in ascertaining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785 (9th Cir. 1963) (holding punitive damages must be taken into account in ascertaining the amount in controversy). Furthermore, if attorneys' fees are recoverable by statute or contract, then the fees claim is included in determining the amount in controversy as well. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).

10. Because Plaintiff has claimed entitlement to damages for failure to pay overtime compensation, failure to provide adequate meal periods, waiting time penalties, failure to itemize wage statements, all under the California Industrial Welfare Commission Orders and California Labor Code Sections 512, 203, and 226; and violations of California Business and Professions Code, Section 17200, in addition to claims for attorneys' fees, the preponderance of evidence reveals that Plaintiff's claims exceed the jurisdictional minimum. (See Complaint, p. 4-5).

11. Defendant also is informed and believes that the value of the matter in controversy exceeds $75,000.00 because Plaintiff refused to enter into a stipulation (prepared by Defendant and forwarded to Plaintiff's counsel) that the amount in controversy did not exceed that amount. Accordingly, this United States District Court has diversity jurisdiction.

**VENUE**

12. Venue lies in the United States District Court, Northern District of California pursuant to 28 U.S.C. sections 1441(a) and 1391(b), because the original state court action was filed in this district and this is the judicial district in which the action arose.

## NOTICE TO STATE COURT AND TO PLAINTIFF

13. True and correct copies of all process, pleadings, notices and orders served upon Defendant in this action, including the Summons and Complaint, are attached as Exhibit "A" hereto.

14. Defendant's Answer to the Summons and Complaint, which was filed on October 2, 2007, is attached as Exhibit "B" hereto, and incorporated by reference as though fully set forth herein.

15. Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of Santa Clara. The Notice of Removal is concurrently being served on all parties.

WHEREFORE, Defendant requests that this civil action be removed from the Superior Court of the State of California in the County of Santa Clara, to this Court

DATED: October 4, 2007

SEYFARTH SHAW LLP

By: _____
Kari Erickson Levine
Althea V. Bovell
Attorneys for Defendant
WORLD KITCHEN, LLC

SF1 28303697.1 / 54217-000003