| | |
|---|---|
| 1 | SEYFARTH SHAW LLP |
| | Kari Erickson Levine (State Bar No. 146101) |
| 2 | 560 Mission Street, Suite 3100 |
| | San Francisco, California 94105 |
| 3 | Telephone: (415) 397-2823 |
| | Facsimile: (415) 397-8549 |
| 4 | |
| | Attorneys for Defendant WORLD KITCHEN, LLC |
| 5 | |

ENDORSED
2007 OCT -2 PM 7:00

B. CHOPOFF

ENDORSED   Santa Clara
10/03/07   10:23am
Kiri Torre
Chief Executive Offic
By: bettyc  DTSCIV0101
R#200700098386
CK              $320.00
TL              $320.00
Case: 1-07-CV-09301 0

File By Fax

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | | |
|---|---|---|
| MICHAEL NOVICIO, an individual, | ) | Case No. 107CV093010 |
| Plaintiff, | ) ) | **ANSWER OF DEFENDANT WORLD KITCHEN, LLC TO UNVERIFIED COMPLAINT** |
| v. | ) ) | |
| WORLD KITCHEN, LLC, a California corporation; and DOES 1 to 50, inclusive, | ) ) ) | |
| Defendants. | ) ) ) ) ) | |

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant WORLD KITCHEN, LLC, a Delaware limited liability corporation ("Defendant")(incorrectly named herein as WORLD KITCHEN, LLC, a California corporation), for itself alone and for no other Defendant, generally denies each and every allegation and cause of action included in Plaintiff MICHAEL NOVICIO's ("Plaintiff") Complaint for Damages (the "Complaint") and, without limiting the generality of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendant.

Separately, and as defenses to each of the purported causes of action in Plaintiff's Complaint, Defendant alleges as follows:

///

1

Answer of Defendant World Kitchen, LLC to Unverified Complaint / Case No. 107CV093010

## FIRST DEFENSE

**(Failure to State a Cause of Action – all causes of action)**

1. Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which any relief may be granted against Defendant.

## SECOND DEFENSE

**(Statute of Limitations -- all causes of action)**

2. Plaintiff's purported causes of action are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338(a), 339 and 340; and California Business and Professions Code §§17208 *et seq.*

## THIRD DEFENSE

**(Laches -- all causes of action)**

3. Plaintiff's purported causes of action are barred in whole or in part by the equitable doctrine of laches.

## FOURTH DEFENSE

**(Waiver/Estoppel -- all causes of action)**

4. Plaintiff's purported causes of action are barred in whole or in part by the doctrines of waiver and estoppel.

## FIFTH DEFENSE

**(Unclean Hands -- all causes of action)**

5. Plaintiff's purported causes of action are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE

**(Plaintiff Exempt from Overtime Wages – all causes of action)**

6. Plaintiff's Complaint is barred because any failure of Defendant to pay overtime was not unlawful, unfair or fraudulent. At all times relevant and material herein, Plaintiff was exempt from the overtime compensation requirements of the California Labor Code and the Industrial Welfare Commission: i.e., Store management employees are employed in an

administrative or executive capacity within the meaning of the applicable wage order.

## SEVENTH DEFENSE

**(Meal and Rest Periods – As to the Second cause of action)**

7. Defendant authorized and permitted its management employees such as Plaintiff to take adequate meal and rest periods. If Plaintiff voluntarily chose not to take his meal and/or rest breaks, Defendant has not violated the California Labor Code or the IWC Wage Orders, and Plaintiff's cause of action regarding meal and rest periods are barred.

## EIGHTH DEFENSE

**(No Penalty – all causes of action)**

8. Plaintiff is not entitled to any penalty award under the California Labor Code since, at all times relevant and material herein, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, Cal. Labor Code § 200 *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code, Cal. Labor Code § 200 *et seq.*

## NINTH DEFENSE

**(Good Faith Dispute – all causes of action)**

9. Plaintiff's claims are barred in whole or in part because a good faith dispute exists regarding whether wages and/or overtime are due. (8 Cal. Code Reg. § 13520.)

## TENTH DEFENSE

**(Privilege or Justification – all causes of action)**

10. Each of Plaintiff's purported causes of action is barred because any actions and/or omissions attributable to Defendant were at all times privileged or justified.

## ELEVENTH DEFENSE

**(Labor Code § 2856 – all causes of action)**

11. The Complaint is barred by Labor Code § 2856 to the extent that Plaintiff or any class member or other putative beneficiary of this action failed substantially to comply with all

///

the directions of Defendant, and such failure proximately caused the alleged losses for which they seek relief.

### TWELFTH DEFENSE

(Res Judicata/Collateral Estoppel – all causes of action)

12. The Complaint is barred by the doctrines of res judicata and/or collateral estoppel to the extent that Plaintiff has asserted in any prior legal or administrative proceeding that he or she was entitled to additional payment for overtime, meal periods, rest breaks and/or waiting time penalties, and did not prevail on such claim.

### THIRTEENTH DEFENSE

(Release - all causes of action)

(No Private Right of Action – all causes of action)

13. The Complaint is barred to the extent that Plaintiff seeks relief for alleged losses, injuries or damages incurred prior to the effective date of Labor Code § 226.7 on the ground that no private right of action directly under the Wage Orders or any other law existed prior to that date.

### FOURTEENTH DEFENSE

14. Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a claim for attorneys' fees against Defendant.

### ADDITIONAL DEFENSES

15. Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by the Complaint and the Complaint be dismissed with prejudice;

1 |     2.    That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3 |     3.    That Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

5 |     4.    That Defendant be awarded such other and further relief as this Court deems proper.

DATED: October 3, 2007

SEYFARTH SHAW LLP

By: _____
Kari Erickson Levine
Attorneys for Defendant
WORLD KITCHEN, LLC

SF1 28302906.1 / 54217-000003

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On October 3, 2007, I served the within documents:

**ANSWER TO DEFENDANT WORLD KITCHEN, LLC TO UNVERIFIED COMPLAINT**

☐ I sent such document from facsimile machine (415) 397-8549 and (510) 832-1918 on _____. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, CA, California addressed as set forth below on _____.

☐ Via hand delivery (**Wheels of Justice**) of the document(s) listed above to the person(s) set forth below.

☒ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, CA, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Megan Ross Hutchins, Esq.
Michael L. Tracy, Esq.
LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
Irvine, CA 92614

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on October 3, 2007, at San Francisco, CA, California.

_____
Regina Wylick Berry