1  SEYFARTH SHAW LLP
   Kari Erickson Levine (State Bar No. 146101)
2  Althea V. Bovell (State Bar No. 200240)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant WORLD KITCHEN, LLC

6

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11  MICHAEL NOVICIO, an individual,          )    Case No.
                                             )
12            Plaintiff,                      )    DEFENDANT WORLD KITCHEN,
                                             )    LLC'S NOTICE OF REMOVAL OF
13       v.                                   )    CIVIL ACTION TO THE UNITED
                                             )    STATES DISTRICT COURT
14  WORLD KITCHEN, LLC, a California          )
    corporation; and DOES 1 to 50, inclusive,)    [DIVERSITY]
15                                            )
              Defendants.                     )
16                                            )
                                             )
17                                            )
                                             )
18  _____)

19       TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

20       PLEASE TAKE NOTICE that Defendant World Kitchen LLC. ("World Kitchen" or

21  "Defendant") hereby serves notice of its removal of the above-entitled action to this Court and

22  makes the following showing in support of such removal:

23            **PLEADING AND PROCEEDINGS TO DATE**

24       1.      On or about August 27, 2007, an action was commenced in the Superior Court of

25  the State of California, County of Santa Clara, entitled *Michael Novicio v. World Kitchen, LLC,*

26  *A California Corporation, and DOES 1 through 50*, Case No. 107CV093010, by the filing of a

27  Summons and Complaint. All process, pleadings, notices and orders served upon Defendant in

28

                                    1

1  this action, including the Summons and Complaint, are attached as Exhibit "**A**" hereto, and are

2  incorporated by reference as though fully set forth herein.

3      2.      Defendant's Answer to the Summons and Complaint, which was filed on October

4  2, 2007, is attached as Exhibit "**B**" hereto, and incorporated by reference as though fully set forth

5  herein.

6      3.      Defendant first became aware of this lawsuit on or about September 4, 2007 when

7  Defendant received through its agent for service of process the Complaint served by Plaintiff.

8      4.      This case was removed within thirty (30) days after September 4, 2007 when

9  Defendant received service of the Complaint.  This Notice is therefore filed within the time

10  period provided in 28 U.S.C. section 1446(b).

11  ## DIVERSITY JURISDICTION

12      5.      This Court has jurisdiction of this action based on diversity of citizenship.

13  Defendant is informed and believes and on that basis asserts that Plaintiff Michael Novicio at all

14  times relevant, was and is a citizen and resident of the State of California.  (Bovell Declaration,

15  Exhibit A (Complaint), ¶ 3); *see also Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (holding

16  that a party's domicile for purposes of diversity jurisdiction is determined at the time the lawsuit

17  is filed); *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (same).  Defendant is, and

18  at all times relevant was, a corporation duly organized and existing under the laws of the State of

19  Delaware, with its principal place of business located in Illinois.  Accordingly, complete

20  diversity of citizenship exists between the parties.  28 U.S.C. section 1332(a)(1).

21      6.      Defendant is informed and believes that DOES 1 through 50 have not been served

22  with the Summons and Complaint and have not appeared in the action, nor are they appropriate

23  defendants in an action in federal court.  Their citizenship is irrelevant for removal purposes.  28

24  U.S.C. section 1441(a); *See also Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir.

25  1980).

26      7.      Diversity jurisdiction exists where the matter in controversy exceeds the sum or

27  value of $75,000.00, exclusive of interest and costs.  28 U.S.C. section 1332(a).  The amount in

28  controversy for jurisdictional purposes is determined by the amount of damages or the value of

1   the property that is the subject of the action. *Hunt v. Washington State Apple Advertising*

2   *Commission*, 432 U.S. 333, 347 (1977).

3       8.    The Court may look to the removal papers for underlying facts establishing the

4   jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing

5   defendant need only show by a preponderance of evidence that plaintiff's claim exceeds the

6   jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.

7   1996).

8       9.    The Court must take into account requests for punitive damages in ascertaining

9   the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d

10   785 (9th Cir. 1963) (holding punitive damages must be taken into account in ascertaining the

11   amount in controversy). Furthermore, if attorneys' fees are recoverable by statute or contract,

12   then the fees claim is included in determining the amount in controversy as well. *Goldberg v.*

13   *CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982).

14       10.    Because Plaintiff has claimed entitlement to damages for failure to pay overtime

15   compensation, failure to provide adequate meal periods, waiting time penalties, failure to itemize

16   wage statements, all under the California Industrial Welfare Commission Orders and California

17   Labor Code Sections 512, 203, and 226; and violations of California Business and Professions

18   Code, Section 17200, in addition to claims for attorneys' fees, the preponderance of evidence

19   reveals that Plaintiff's claims exceed the jurisdictional minimum. (See Complaint, p. 4-5).

20       11.    Defendant also is informed and believes that the value of the matter in

21   controversy exceeds $75,000.00 because Plaintiff refused to enter into a stipulation (prepared by

22   Defendant and forwarded to Plaintiff's counsel) that the amount in controversy did not exceed

23   that amount. Accordingly, this United States District Court has diversity jurisdiction.

24                   **VENUE**

25       12.    Venue lies in the United States District Court, Northern District of California

26   pursuant to 28 U.S.C. sections 1441(a) and 1391(b), because the original state court action was

27   filed in this district and this is the judicial district in which the action arose.

28

## NOTICE TO STATE COURT AND TO PLAINTIFF

13.     True and correct copies of all process, pleadings, notices and orders served upon Defendant in this action, including the Summons and Complaint, are attached as Exhibit "**A**" hereto.

14.     Defendant's Answer to the Summons and Complaint, which was filed on October 2, 2007, is attached as Exhibit "**B**" hereto, and incorporated by reference as though fully set forth herein.

15.     Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of Santa Clara. The Notice of Removal is concurrently being served on all parties.

WHEREFORE, Defendant requests that this civil action be removed from the Superior Court of the State of California in the County of Santa Clara, to this Court

DATED:  October 4, 2007

SEYFARTH SHAW LLP

By: _____
Kari Erickson Levine
Althea V. Bovell
Attorneys for Defendant
WORLD KITCHEN, LLC

SF1 28303697.1 / 54217-000003

# EXHIBIT A

*9-4-07*
*3:10pm*

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WORLD KITCHEN, LLC, a California corporation; and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MICHAEL NOVICIO, an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

AUG 27 07

G. Duarte

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. FIRST STREET
SAN JOSE, CA  95113

CASE NUMBER: *(Número del Caso):* 07 CV 093010

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MEGAN ROSS HUTCHINS (Bar # 227776)
LAW OFFICE OF MICHAEL L. TRACY
2030 MAIN STREET, SUITE 1300, IRVINE, CA 92614

Phone No. (949) 260-9171
Fax No. (866) 365-3051

DATE:
*(Fecha)* AUG 2 7 2007    Kiri Torre    Clerk, by    G. Duarte    , Deputy
                          *(Secretario)*            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   *World Kitchen, LLC, a California Corporation*
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*



1 | MICHAEL L. TRACY, ESQ. (SBN 237779)
MEGAN ROSS HUTCHINS, ESQ. (SBN 227776)
2 | LAW OFFICES OF MICHAEL L. TRACY
2030 Main Street, Suite 1300
3 | Irvine, CA 92614
T: (949) 260-9171
4 | F: (866) 365-3051

AUG 27 07

G. Duarte

5 | Attorneys for Plaintiff
MICHAEL NOVICIO

6

7

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF SANTA CLARA**

10

11 | MICHAEL NOVICIO, an individual,          ) Case No.

12 |                    Plaintiff,           ) **COMPLAINT FOR UNPAID**
                                             ) **OVERTIME, MEAL PENALTIES,**
13 |            vs.                          ) **WAITING TIME PENALTIES,**
                                             ) **FAILURE TO ITEMIZE WAGE**
14 | WORLD KITCHEN, LLC, a California         ) **STATEMENTS AND VIOLATIONS OF**
    corporation; and DOES 1 through 50, inclusive, ) **CALIFORNIA BUSINESS AND**
15 |                                          ) **PROFESSIONS CODE SECTION 17200**
                    Defendants.             )
16 |                                          )
17 |                                          ) **JURY TRIAL DEMANDED**
                                             )
18

19 |         Plaintiff, MICHAEL NOVICIO, alleges:

20 |                        <u>**GENERAL ALLEGATIONS**</u>

21 |         1.      This Court is the proper court and this action is properly filed in the County of Santa

22 | Clara and in this judicial district because Defendants do business in the County of Santa Clara, and

23 | because Defendants' obligations and liabilities arise therein, and because the work that was

24 | performed by Plaintiff in the County of Santa Clara is the subject of this action.

25 |         2.      Defendant, WORLD KITCHEN, LLC, is California limited liability company

26 | located in California and doing business in the County of Santa Clara, State of California.

27 |         3.      The true names and capacities of DOES 1 through 50 are unknown to Plaintiff, who

28 | therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend this Complaint to

COMPLAINT

1  show their true names and capacities when they have been ascertained. Plaintiff is informed and
2  believes, and hereon alleges, that such Doe defendants are residents of California.

3      4.     Plaintiff is informed and believes that Defendants, each and all of them, at all times
4  material hereto, were the joint employers, parent companies, successor companies, predecessors in
5  interest, affiliates, agents, employees, servants, joint venturers, directors, fiduciaries,
6  representatives, and/or coconspirators of each of the remaining Defendants.  The Defendants,
7  unless otherwise alleged, at all times material hereto, performed all acts and omissions alleged
8  herein within the course and scope of said relationship, and are a proximate cause of Plaintiff's
9  damages as herein alleged.

10     5.     Plaintiff was employed by Defendants from February 2005 to the present.

11              **FIRST CAUSE OF ACTION**
12  **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA INDUSTRIAL**
13      **WELFARE COMMISSION ORDERS AND CALIFORNIA LABOR CODE**
14              **(AGAINST ALL DEFENDANTS)**

15     6.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 5.

16     7.     Pursuant to Industrial Welfare Commission Order No. 7-2001, California Code of
17  Regulations, Title 8, §11070, for the period of Plaintiff's employment, Defendants were required to
18  compensate Plaintiff for all overtime, which is calculated at one and one-half (1 ½) times the
19  regular rate of pay for hours worked in excess of eight (8) in a day or forty (40) hours in a week,
20  and two (2) times the regular rate of pay for hours worked in excess of twelve (12) hours in a day
21  of hours worked in excess of eight (8) on the seventh consecutive work day in a week.

22     8.     Plaintiff was a non-exempt employee and entitled to the above overtime premiums.
23  Defendants failed to compensate Plaintiff for all overtime premiums.

24     9.     As a proximate result of Defendants' violations, Plaintiff has been damaged in an
25  amount in excess of $46,554 and subject to proof at time of trial.

26     10.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of
27  Regulations, Title 8, §11070, Plaintiff is entitled to recover damages for the nonpayment of
28  overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's

1  fees and costs of suit.

2  **SECOND CAUSE OF ACTION**

3  **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

4  **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS AND**

5  **CALIFORNIA LABOR CODE SECTION 512**

6  **(AGAINST ALL DEFENDANTS)**

7      11.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 10.

8      12.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California Code of

9  Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants were required to

10 provide a thirty (30) minute meal period for any person working more than five (5) hours in a day.

11     13.    Defendant failed to provide Plaintiff a meal period for numerous days worked.

12     14.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8, §11040,

13 Plaintiff is entitled to recover one (1) hours of pay at Plaintiff's regular rate of compensation for

14 each workday that the meal period was not provided.

15     15.    Plaintiff prays for damages for missed meals in the amount of $9,311.

16 **THIRD CAUSE OF ACTION**

17 **WAITING TIME PENALTIES UNDER CALIFORNIA LABOR CODE SECTION 203**

18 **(AGAINST ALL DEFENDANTS)**

19     16.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 15.

20     17.    Defendants willfully refused and continues to refuse to pay Plaintiff his unpaid

21 wages as required by Labor Code §203. Plaintiff requests restitution and penalties as provided by

22 Labor Code §203 in the amount of $6,035.

23 **FOURTH CAUSE OF ACTION**

24 **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED UNDER**

25 **CALIFORNIA LABOR CODE SECTION 226**

26 **(AGAINST ALL DEFENDANTS)**

27     18.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 17.

28     19.    Pursuant to Labor Code §226, every employer must furnish each employee an

-3-<br>COMPLAINT

1  itemized statement of wages and deductions at the time of payment of wages.

2      20.    Defendants furnished Plaintiff a pay stub that did not accurately reflect all hours
3  worked.

4      21.    Plaintiff suffered injury in his inability to verify his own hours worked as well as to
5  provide proof of his income to others.

6      22.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against
7  Defendants in the amount of $4,000 plus costs and attorney's fees.

8              **FIFTH CAUSE OF ACTION**

9      **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

10              **CODE SECTION 17200**

11              **(AGAINST ALL DEFENDANTS)**

12      23.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 34.

13      24.    Defendants failed to pay for overtime premiums that were due to Plaintiff under the
14  terms of employment.

15      25.    By failing to pay wages due to Plaintiff, Defendants' acts constitute unfair and
16  unlawful business practices under Business and Professions Code §17200, et. seq.

17      26.    Defendants failed to provide meal and rest breaks in accordance with California law.
18  Defendants' acts constitute unfair and unlawful business practices under Business and Professions
19  Code §17200, et. seq

20      27.    As a result of Defendants' conduct Plaintiff requires restitution in an amount to be
21  determined at trial.

22      WHEREFORE, Plaintiff prays damages as follows:

23              **ON THE FIRST CAUSE OF ACTION**

24      1.    For damages in an amount in excess of $46,554 and subject to proof at time of
25  trial.

26      2.    For penalties, interest, reasonable attorney's fees and costs of suit.

27              **ON THE SECOND CAUSE OF ACTION**

28      3.    For damages in an amount in excess of $9,311 and subject to proof at time of

1  trial.

2  ### ON THE THIRD CAUSE OF ACTION

3      4.    For damages in the amount of $6,035.

4  ### ON THE FOURTH CAUSE OF ACTION

5      5.    For damages in the amount of $4,000.

6      6.    For costs of suit, interest, and reasonable attorney's fees

7  ### ON THE FIFTH CAUSE OF ACTION

8      7.    For restitution in an amount subject to proof at time of trial.

9  ### ON ALL CAUSES OF ACTION

10      8.    For costs of suit.

11      9.    For pre and post judgment interest.

12      10.    For such other and further relief as the court may deem proper.

13  DATED: August 20, 2007          LAW OFFICES OF MICHAEL L. TRACY

14

15                            By:

16                                MEGAN ROSS HUTCHINS, Attorney for
                              Plaintiff MICHAEL NOVICIO

17

18  ### DEMAND FOR JURY TRIAL

19      Plaintiff hereby demands a jury trial.

20

21  DATED: August 20, 2007          LAW OFFICES OF MICHAEL L. TRACY

22

23                            By:

24                                MEGAN ROSS HUTCHINS, Attorney for
                              Plaintiff MICHAEL NOVICIO

25

26

27

28

# EXHIBIT B

SEYFARTH SHAW LLP
Kari Erickson Levine (State Bar No. 146101)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant WORLD KITCHEN, LLC

ENDORSED

2007 OCT -2 PM 7:00

SUPERIOR COURT OF CA.
B. CHOPOFF
DEPUTY

ENDORSED  Santa Clara
10/03/07   10:23am
Kiri Torre
Chief Executive Officer
By: bettye OTSCIVO101
R#200700098386
CK          $320.00
TL          $320.00
Case: 1-07-CV-092010

File By Fax

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

MICHAEL NOVICIO, an individual,

Plaintiff,

v.

WORLD KITCHEN, LLC, a California
corporation; and DOES 1 to 50, inclusive,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 107CV093010

**ANSWER OF DEFENDANT WORLD KITCHEN, LLC TO UNVERIFIED COMPLAINT**

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant WORLD KITCHEN, LLC, a Delaware limited liability corporation ("Defendant")(incorrectly named herein as WORLD KITCHEN, LLC, a California corporation), for itself alone and for no other Defendant, generally denies each and every allegation and cause of action included in Plaintiff MICHAEL NOVICIO's ("Plaintiff") Complaint for Damages (the "Complaint") and, without limiting the generality of the foregoing, denies that Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendant.

Separately, and as defenses to each of the purported causes of action in Plaintiff's Complaint, Defendant alleges as follows:

///

---

1

Answer of Defendant World Kitchen, LLC to Unverified Complaint / Case No. 107CV093010

1

## FIRST DEFENSE

2

### (Failure to State a Cause of Action – all causes of action)

3          1.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to

4    state facts sufficient to constitute a cause of action upon which any relief may be granted against

5    Defendant.

6

## SECOND DEFENSE

7

### (Statute of Limitations -- all causes of action)

8          2.    Plaintiff's purported causes of action are barred by the applicable statutes of

9    limitations, including, but not limited to, California Code of Civil Procedure §§ 337, 338(a), 339

10   and 340; and California Business and Professions Code §§17208 *et seq.*

11

## THIRD DEFENSE

12

### (Laches -- all causes of action)

13         3.    Plaintiff's purported causes of action are barred in whole or in part by the

14   equitable doctrine of laches.

15

## FOURTH DEFENSE

16

### (Waiver/Estoppel -- all causes of action)

17         4.    Plaintiff's purported causes of action are barred in whole or in part by the

18   doctrines of waiver and estoppel.

19

## FIFTH DEFENSE

20

### (Unclean Hands -- all causes of action)

21         5.    Plaintiff's purported causes of action are barred in whole or in part by the doctrine

22   of unclean hands.

23

## SIXTH DEFENSE

24

### (Plaintiff Exempt from Overtime Wages – all causes of action)

25         6.    Plaintiff's Complaint is barred because any failure of Defendant to pay overtime

26   was not unlawful, unfair or fraudulent.  At all times relevant and material herein, Plaintiff was

27   exempt from the overtime compensation requirements of the California Labor Code and the

28   Industrial Welfare Commission:  i.e., Store management employees are employed in an

2

administrative or executive capacity within the meaning of the applicable wage order.

### SEVENTH DEFENSE

#### (Meal and Rest Periods – As to the Second cause of action)

7.    Defendant authorized and permitted its management employees such as Plaintiff to take adequate meal and rest periods.  If Plaintiff voluntarily chose not to take his meal and/or rest breaks, Defendant has not violated the California Labor Code or the IWC Wage Orders, and Plaintiff's cause of action regarding meal and rest periods are barred.

### EIGHTH DEFENSE

#### (No Penalty – all causes of action)

8.    Plaintiff is not entitled to any penalty award under the California Labor Code since, at all times relevant and material herein, Defendant did not willfully, knowingly, and/or intentionally fail to comply with the compensation provisions of the California Labor Code, Cal. Labor Code § 200 *et seq.*, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code, Cal. Labor Code § 200 *et seq.*

### NINTH DEFENSE

#### (Good Faith Dispute – all causes of action)

9.    Plaintiff's claims are barred in whole or in part because a good faith dispute exists regarding whether wages and/or overtime are due.  (8 Cal. Code Reg. § 13520.)

### TENTH DEFENSE

#### (Privilege or Justification – all causes of action)

10.    Each of Plaintiff's purported causes of action is barred because any actions and/or omissions attributable to Defendant were at all times privileged or justified.

### ELEVENTH DEFENSE

#### (Labor Code § 2856 – all causes of action)

11.    The Complaint is barred by Labor Code § 2856 to the extent that Plaintiff or any class member or other putative beneficiary of this action failed substantially to comply with all

///

the directions of Defendant, and such failure proximately caused the alleged losses for which they seek relief.

### TWELFTH DEFENSE

### (Res Judicata/Collateral Estoppel – all causes of action)

12.    The Complaint is barred by the doctrines of res judicata and/or collateral estoppel to the extent that Plaintiff has asserted in any prior legal or administrative proceeding that he or she was entitled to additional payment for overtime, meal periods, rest breaks and/or waiting time penalties, and did not prevail on such claim.

### THIRTEENTH DEFENSE

### (Release - all causes of action)

### (No Private Right of Action – all causes of action)

13.    The Complaint is barred to the extent that Plaintiff seeks relief for alleged losses, injuries or damages incurred prior to the effective date of Labor Code § 226.7 on the ground that no private right of action directly under the Wage Orders or any other law existed prior to that date.

### FOURTEENTH DEFENSE

14.    Plaintiff's Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a claim for attorneys' fees against Defendant.

### ADDITIONAL DEFENSES

15.    Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by the Complaint and the Complaint be dismissed with prejudice;

1      2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes

2  of action;

3      3.      That Defendant be awarded its costs of suit and reasonable attorneys' fees

4  incurred herein; and

5      4.      That Defendant be awarded such other and further relief as this Court deems

6  proper.

7

8  DATED:  October 3, 2007

                              SEYFARTH SHAW LLP

9

10                          By:

11                              Kari Erickson Levine
                                    Attorneys for Defendant

12                                    WORLD KITCHEN, LLC

  SF1 28302906.1 / 54217-000003

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer of Defendant World Kitchen, LLC to Unverified Complaint / Case No. 107CV093010

1

**PROOF OF SERVICE**

2       I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action.  My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100,
3  San Francisco, California 94105.  On October 3, 2007, I served the within documents:

4  **ANSWER TO DEFENDANT WORLD KITCHEN, LLC TO UNVERIFIED COMPLAINT**

5

6  ☐   I sent such document from facsimile machine (415) 397-8549 and (510) 832-1918 on
_____.  I certify that said transmission was completed and that all pages were
7       received and that a report was generated by facsimile machine (415) 397-8549 which
confirms said transmission and receipt.  I, thereafter, mailed a copy to the interested
8       party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s)
addressed to the parties listed below.

9  ☐   by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at San Francisco, CA, California addressed as
10      set forth below on _____.

11 ☐   Via hand delivery (**Wheels of Justice**) of the document(s) listed above to the
person(s) set forth below.
12

13 ☒   by placing the document(s) listed above, together with an unsigned copy of this
declaration, in a sealed Federal Express envelope with postage paid on account and
14      deposited with Federal Express at San Francisco, CA, California, addressed as set
forth below.

15
☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses
16      set forth below.

17      Megan Ross Hutchins, Esq.
Michael L. Tracy, Esq.
18      LAW OFFICES OF MICHAEL L.
TRACY
19      2030 Main Street, Suite 1300
Irvine, CA  92614
20

21      I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
22  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
23  meter date is more than on day after the date of deposit for mailing in affidavit.

24      I declare that I am employed in the office of a member of the bar of this court whose
direction the service was made.

25      Executed on October 3, 2007, at San Francisco, CA, California.

26

27

28                                          Regina Wyrick Berry